**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elias Garcia Gonzales,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-0874-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Elias Gonzales' Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc.1), and an Opening Brief, (Doc. 15), seeking judicial review of that denial. Defendant SSA filed an amended Answering Brief, (Doc. 19), to which Plaintiff replied, (Doc. 22). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 12), and the Administrative Law Judge's ("ALJ") decision, (Doc. 12-3 at 22–43) and will affirm the ALJ's decision for the reasons addressed herein.

**I.   BACKGROUND**

Plaintiff filed an Application for SSDI benefits in July of 2017, alleging a disability beginning in July of 2015. (*Id.* at 22.) Plaintiff's claim was initially denied in September of 2017. (*Id.*) A hearing was held before ALJ Rebecca L. Jones on April 28, 2020. (*Id.*) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including lumbar spine degenerative disc disease, status

post laminectomy and fusion; left knee chondromalacia and synovitis, status post arthroscopic chondroplasty; chronic pain syndrome; and obesity. (*Id.* at 25.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work. (*Id.* at 27.) Consequently, Plaintiff's Application was again denied by the ALJ on September 28, 2020. (*Id.* at 43.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 15 at 2.)

## II.  LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.  DISCUSSION

Plaintiff argues the ALJ committed harmful error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence. (Docs. 15, 22.) The Commissioner argues that the ALJ's opinion is supported by the record as a whole and free of legal and harmful error. (Doc. 19.) The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues that the ALJ committed harmful error by rejecting Plaintiff's symptom testimony because the ALJ did not provide specific, clear, and convincing reasons, and the findings are not supported by substantial evidence in the record. (Doc. 15 at 18–25.) The Commissioner argues that the ALJ properly considered Plaintiff's testimony and relied on substantial evidence from the record when reaching her findings. (Doc. 19 at 15–20.)

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with medical and other evidence. The ALJ first discusses

Plaintiff's testified limitations of lower back pain and leg weakness. Specifically, the ALJ cites to Plaintiff alleging he can lift up to five pounds, stand for fifteen to thirty minutes, sit for fifteen to thirty minutes, and walk for ten minutes before needing to shift positions. (Doc. 12-3 at 28.) The ALJ next describes the objective medical findings before and after Plaintiff's second car accident in 2017. The ALJ discusses that after the last car accident, Plaintiff had: (1) normal range of motion and strength of the lower extremities in the emergency room post-car accident; (2) a follow-up lumbar spine MRI showing stable postsurgical findings; (3) a slight antalgic gait and a negative straight leg test in April 2018; (5) normal findings on July 2018 nerve conduction studies; (6) a normal gait in August 2019 and intact alignment and strength in lower extremities; (7) a normal gait in November 2019 and an ability to perform tandem, toe, and heel walking; (8) a normal gait in January 2020, performed intact toe and heel walking, and exhibited full strength, sensations, and reflexes of the extremities; and (9) a normal gait in May 2020, full strength in legs, and a negative straight leg raise tests. (*Id.* at 31–35.) For these reasons, the ALJ found Plaintiff's symptoms are not as limiting as alleged. (*Id.* at 35.)

The ALJ next considered Plaintiff's course of treatment. The ALJ found the evidence showed Plaintiff's knee surgery, lumbar spine surgery, spinal cord stimulator, and medications improved his symptoms, stabilized pain, and allowed Plaintiff to regularly ambulate without an assistive device. (*Id.* at 34–35.) In part, the ALJ also found that: (1) in January 2020, Plaintiff reported his lumbar spine surgery had relieved his symptoms; (2) in February 2020 Plaintiff reported pain improvement from the spinal cord stimulator; and (3) in March 2020 Plaintiff reported increased activity and 50% pain reduction. (*Id.* at 31–34.) The ALJ found these admissions inconsistent with Plaintiff's symptom testimony.

Lastly, the ALJ found that Plaintiff's daily activities did not align with the alleged severity. The ALJ cited that Plaintiff was able to independently cook, drive, shop, and perform household chores and yardwork. (*Id.* at 35.) The ALJ also noted that Plaintiff traveled to Texas and Italy during a period Plaintiff claims he was incapable of performing any work. (*Id.*)

For these reasons, the Court finds the ALJ relied on substantial evidence when making its findings on Plaintiff's symptom testimony.

### B. Evaluation of Medical Testimony

New regulations apply to this case because Plaintiff filed for SSDI benefits after March 27, 2017. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). There is no longer a hierarchy among the sources of medical opinions and no special deference is given to the opinions of treating physicians merely because of their relationship with the claimant. *Id.* at 792. The previously imposed standard of specific and legitimate reasons to reject a treating physician's opinion no longer applies. *Id.* Nevertheless, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.*

Plaintiff argues that because the agency's vocational expert concluded Drs. Pero and Doust's assessments would preclude Plaintiff from sustaining work, the ALJ committed harmful error by rejecting the physician's testimony without substantial evidence, and by failing to articulate the necessary supportability and consistency factors under the regulations. (Doc. 15 at 11–18.) Plaintiff also argues that the ALJ did not provide sufficient reasons for relying on Drs. Mallik and Horn. (*Id.* at 17.) The Commissioner argues the ALJ properly evaluated the medical opinions of all physicians and supported its findings with substantial evidence and compliance with the regulations. (Doc. 19 at 3–15.)

Here, the ALJ properly evaluated the supportability and consistency of Drs. Pero and Doust's medical testimony in accordance with 20 C.F.R. § 404.1520c(c)(1)–(2), and supported their evaluation with substantial evidence. The ALJ articulates why and how both physicians' treatment notes contradict their opinion testimony, satisfying the regulatory requirement to evaluate supportability. (Doc. 12-3 at 39–40.) The ALJ also articulates how and why the medical opinions of both physicians vary from the record evidence cited throughout the decision, satisfying the requirement to weigh consistency. (*Id.*) Additionally, the Court finds that the ALJ cites to substantial evidence, as well as articulated reasons how and why, they evaluated the persuasiveness of each physicians'

medical testimony. (*Id.*) For example, the ALJ considers record evidence of Plaintiff's treatment and pain management, objective medical evidence on Plaintiff's normal gait, range of motion, and neurological functioning of extremities, daily activities, travel, and independent psychological evaluation. (*Id.*) Finally, the Court finds that the ALJ relied on substantial evidence from the record when articulating why and how she found the medical testimony and opinions of Dr. Mallik partially persuasive, and Dr. Horn persuasive. (*Id.* at 37.)

Therefore, the Court finds the ALJ did not err in her evaluation of the medical testimony.

## IV.   CONCLUSION

The Court finds the ALJ committed no error.

Therefore,

**IT IS ORDERED** affirming the September 28, 2020 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 30th day of September, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge